Daven Patton
3517 St. Thomas Blvd Apt B
Indianapolis, IN 46214
317-500-7534
Daven0726@gmail.com

**FILED**

**9:13 am, Jun 08, 2020**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISCTRICT COURT

SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PLAINTIFF'S NAME, | Case No.:   1:20-cv-1583-JRS-DLP |
| Plaintiff, Daven A. Patton | |
| vs. | **Jury Trail Demanded** |
| DEFENDANT'S NAME, | |
| Defendants Indiana University Board of Trustees, Defendant Indiana University Police Department, Defendant Monroe County Prosecutors Office, Defendant Lori Reesor, Defendant Rebecca A. Schuml, , Defendant Bobby Thompson, Defendant Jeff Kehr | |

1.  Plaintiff DAVEN PATTON (hereinafter "Plaintiff"), makes the following allegations against

Defendants INDIANA UNIVERSITY BOARD OF TRUSTEES, INDIANA UNIVERSITY

POLICE DEPARTMENT, MONROE COUNTY PROSECUTOR'S OFFICE and

Defendants LORI REESOR, REBECCA A. SCHUML, BOBBY THOMPSON, JEFF KEHR

(hereinafter "Defendants")

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

## JURISDICTION AND VENUE

2.  This court has subject matter jurisdiction over this matter pursuant to 28. U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

3.  This court has jurisdiction over all Defendants because all defendants at the time of the alleged act acted under color of state law as representatives and employees of the political subdivision of INDIANA UNIVERSITY, INDIANA UNIVERSITY POLICE DEPARTMENT, MONROE COUNTY PROSECUTORS OFFICE and deprived the Plaintiff of federal rights under the United States constitution rights and right granted by congress under federal statutes.

### Parties:

4.  Plaintiff, DAVEN PATTON ("Plaintiff") is a former informatics student at INDIANA UNIVERSITY

5.  Defendants INDIANA UNIVERSITY BOARD OF TRUSTEES (hereinafter INDIANA UNIVERSITY or THE UNIVERSITY) is the representative body of the political subdivision INDIANA UNIVERSITY.

6.  Defendant LORI RESSOR in her individual capacity as Vice Provost and at the time of the alleged acts is an employee of Defendants of INDIANA UNIVERSITY BOARD OF TRUSTEES.

7.  Defendant INDIANA UNIVERSITY POLICE DEPARMENT is the police department of the political subdivision INDIANA UNIVERSITY

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

8. Defendant REBECCA A. SCHMUL in the Defendant's individual and official capacities  as an Officer and at the time of the alleged acts is and employee of Defendant INDIANA UNIVERSITY POLICE DEPARTMENT.

9. Defendant BOBBY THOMSPON in the Defendant's individual and official capacities as an Officer and at the time of the alleged acts is an employee of Defendant INDIANA UNIVERSITY POLICE DEPARTMENT.

10. Defendant MONROE COUNTY PROSECUTOR'S OFFICE.

11. Defendant JEFF KEHR in the Defendant's individual and official capacities as a Deputy Prosecutor and actions outside the role of prosecutor at the time of the alleged acts is an employee of Defendant MONROE COUNTY PROSECUTOR'S OFFICE.

12. Plaintiff is informed and believes and therein alleges that in all times herein mentioned that the defendants acted under "color of law" at the time of the alleged acts and are representatives and employees of the political subdivisions INDIANA UNIVERSITY, INDIANA UNIVERSITY POLICE DEPARTMENT, and MONROE COUNTY PROSECUTOR'S OFFICE.

### Facts and Allegations

13. INDIANA UNIVERSITY has been retaliating against the Plaintiff for his allegations of police misconduct(perjury) and discrimination since 2016.

14. On March 3rd 2016 the Plaintiff was falsely arrested and prosecuted by the IUPD for "terroristic mischief".

15. The IUPD defamed the Plaintiff by releasing details of the false arrest to the press leading to news stories about the incident.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

16. On March 6th 2016 the Plaintiff made allegations to the University that the IUPD violated his 4th amendment right to unreasonable search and seizure and that the decision to arrest and prosecute the plaintiff was based on race. IUPD retaliated under the guise that the Plaintiff "Threatened the safety of IUPD officers and residence inside the Plaintiff's building." by having him detained.

17. As a result, on March 8th 2016 the Plaintiff was summarily suspended for his allegations against the IUPD and University under student of conduct code H7 "Actions that endanger one's self, others in the university community or in the academic process." and kicked off campus.

18. Indiana University's summary suspension policy states "A student may be summarily suspended from the university and summarily excluded from university property and programs by the Provost or designee of a university campus. The Provost or designee may act summarily without following the hearing procedures established by this section if the officer is satisfied that the student's continued presence on the campus constitutes a serious threat of harm to the student or to any other person on the campus or to the property of the university or property of other persons on the university campus.".

19. The Plaintiff's summary suspension was upheld after an appeal on April 15th, 2016 before the University Hearing Commission in what amounts to a kangaroo court.

20. The terms for the Plaintiff's readmission to the University was to wait until March 6th 2017 to apply for readmission with a reinstatement letter.

21. On October 26 2017 the Plaintiff forwarded an email criticizing the IUPD's actions from the "terroristic mischief" incident and alleged that the IUPD's actions that night violated the

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

Clery Act a federal statute enforced by the U.S Department of Education titled "WMDs and concerts. No safety alerts" to Defendant Reesor. **[exhibit 1]**.

22. On October 28 2017 the Plaintiff sent an email titled "Terroristic mischief is a thoughtcrime. Your police department is Orwellian" which shared a similar incident that happened at Purdue university in which the student was not charged with "terroristic mischief" to the Vice Provost Defendant Reesor**[exhibit 2]**.

23. On the same day the Plaintiff sent an email outlining his formal Clery Act allegations in an email titled "Legal Justification for Clery Complaint" to Vice Provost Defendant Reesor, Superintendent of Public Safety and Director for Public Safety Compliance**[exhibit 3]**.

24. In exhibit 5 the Plaintiff alleges two Clery Act violations the first is for the IUPD not sending out a campus safety alert for the suspicious package which lead to the Plaintiff's false arrest and the other for not sending out a campus safety alert and not following security procedures for what the IUPD alleged was a "Weapon of Mass Destruction" on a search warrant hours after the suspicious package was found to be safe hours later in the Plaintiff's University Apartment.

25. On February 20th 2018 all charges against the plaintiff were dismissed without prejudice.

26. On March 3rd 2018 the University was notified that the U.S Department of Education was opening up an investigation into the Plaintiff's allegations of Clery Act Violation and of the Plaintiffs Whistleblower status in an email titled "Education Department to investigate IU for Clery Act violations (as promised)" which was sent to the Vice Provost  Defendant Reesor **[exhibit 4]**.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

27. On March 4th 2018 Vice Provost Defendant Reesor was sent an email titled "Indiana University: Abnormalities with original suspension letter Fwd: From IU's Student Advocates" by the Plaintiff **[exhibit 5]**.

28. On March 16th 2018 the Plaintiff applied for readmission with the required Petition of reinstatement **[exhibit 6]** and a supporting document from his therapist detailing how therapy helped the plaintiff recover from the trauma and anxiety caused by his 2016 false arrest. **[exhibit 7]**.

29. The supporting documents that accompany the Plaintiff petition were not required in the Plaintiff's suspension letter.

30. In the Plaintiffs petition for reinstatement the Plaintiff talks about he has recovered from his 2016 false arrest and talks about his allegations of police misconduct (perjury) and alleges that his summary suspension was out of retaliation. The Plaintiff also talks about what he learned from his experience with systemic racism and how he his false arrest affected him. The Plaintiff also talks about therapy helped him recover mentally from the trauma caused his false arrest.

31. On March 24th 2018 the Plaintiff sent an email to the Vice Provost Defendant Reesor titled "Activist, Student Group, Department of Education on my side" **[exhibit 8].**

32. Two days later on March 26th 2018 the Vice Provost, Defendant Reesor, denied the plaintiffs petition for reinstatement until May of 2019 and added return conditions in the form of a psycho-social assessment from a licensed mental health professional **[exhibit 9]** as a return condition despite the University receiving a letter from the Plaintiff's therapist and a medical release. The claims related to the denial of the Plaintiff's petition are being litigated under cause number:

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

33. In response to the denial of the Plaintiff's petition the Plaintiff criticizes Defendant Reesor and states he forwarded the denial of his petition to the U.S Education Department Office of Civil Rights and the Federal Student Aid Enforcement Group( The office overseeing the Clery Act).**[exhibit 10]**

34. The Plaintiff then sends an email titled "Racial Terror by the Rules: On Anti-Black Violence as a Kind of Governmentalty". This email is a copy of a socioeconomic analysis by the Hampton Institute talking about how systemic racism takes a mental toll on African Americans.**[exhibit 11]**

35. The last email the Plaintiff send to Defendant Reesor on 3/26/18 was an emailed titled "Its okay to be Black" which contains a quote by Colin Kaepernick and an attachment of Kaepernick kneeling for the anthem.**[exhibit 12]**

36. On 3/27/18 The Plaintiff BBCs Defendant Reesor to The Plaintiff' Office of Civil Rights complaint against the Defendant. **[exhibit 13]**

37. On 3/28/18 in an email chain titled "The dept of ed moves quick" Defendant Reesor acknowledges the Plaintiff's on Office of Civil rights complaint and tell the Plaintiff future correspondence should be direct to the University's general counsel **[exhibit 14]**.

38. On 3/29/18 The Plaintiff starts an email chain with Defendant Reesor's attorney with the Defendant BCC'd an email titled "Early resolution to OCR complaint" in which he offers to withdraw his complaint in exchange for his transcripts **[exhibit 15].**

39. On 3/31/2018 the Plaintiff sends an email titled "whistleblower retaliation (clery)" to the University's general counsel  and Defendant Reesor. **[exhibit 16]**

40. On 4/10/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "Failure to reach resolution in timely manner risks OCR investigation." **[exhibit 17]**

41. On 4/14/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "You have until 4/21/18 to agree to informal agreement or I will rescind offer". In which he gives the school a deadline or he will proceed with his complaint. **[exhibit 18]**

42. On 4/21/2018 The Plaintiff sends the University's general counsel with Defendant Reesor Bcc'd titled " I have decided to proceed with OCR". **[exhibit 19]**

43. On 4/25/2018 The Plaintiff sends the University's general counsel with Defendant Reesor Bcc'd titled "OCR to open an investigation shortly". In which the Plaintiff alleges the denial of petition was unconstitutional and asserts that opposing police misconduct is a protected right. [**exhibit 20]**

44. On 4/26/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "A resource to provide clarity as OCR moves forward" **[exhibit 21]**

45. On 4/26/2018 The Plaintiff sends the University's general counsel with Defendant Reesor Bcc'd titled "Police misconduct(Perjury) is where civil rights meets Clery" in which he alleges that retaliation against his allegations of perjury is an a violation of the clery act because he is using the Clery act to prove that the IUPD lied about a weapon of mass destruction to obtain a search warrant for the Plaintiff's campus apartment. **[exhibit 22]**

46. On 5/1/2018 the Plaintiff sends Defendant Reesor an email titled "No gaslighting your way out of this one" which contains a article that details how the media, police departments, and their supporters are engaged in cultural gaslight which dehumanizes the victims of police misconduct. **[exhibit 23]**

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

47. On 5/3/2018 the Plaintiff sends Defendant Reesor an email titled (Police misconduct) Fwd: It sucks to get caught in a lie. Andy's IUPD told a lie that was easy to catch". This email repeats his earlier allegations in a previous that the IUPD committed perjury by using false statements to obtain an search warrant. This email was Appalachian State where the Former Police of Chief Andy Stephenson works. The email is a copy of allegations sent in earlier emails to Defendant Reeser. **[exhibit 24]**

48. On 5/4/2018 the Plaintiff sends Defendant Reesor an email titled "Blackness as a legal strategy" Which is a copy of an article talking about how racism has created a "disabling" effect on African Americans and how disability law can be used to redress grievances. **[exhibit 25]**

49. On 5/4/2018 the Plaintiff sends Defendant Reesor an emailed titled "It's hard to gaslight when you have evidence and a letter from a therapist" in which the plaintiff alleges that the denial of the plaintiff's petition and using his mental health as an excuse because of his allegations of perjury is like gaslighting. **[exhibit 26]**

50. On 5/7/2018 the Plaintiff sends Defendant Reesor an emailed titled "White supremacy is a direct threat" in which he alleges the denial of his petition is a violation of Section 504 of the Rehabilitation Act and that Defendant Reesor's fears about the Plaintiff are based on her own racism and prejudiced and not reality. **[exhibit 27]**

51. On 5/10/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "I know how this will all end" which talks about a resolution agreement made with Acadia University for violations of Section 504 of the Rehabilitation Act. **[exhibit 28]**

52. On 5/10/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "The Madman Theory (PTSD)" which talks about the madman theory of politics as

described in Machiavelli's the prince and mocks the IUPD for the 3/3/2016 incident. **[exhibit 29]**

53. 5/11/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "you cannot keep me suspended indefinitely because the cops lied" in this email the Plaintiff mocks the University and IUPD for their racially and politically motivated crimes against the Plaintiff. **[exhibit 30]**

54. 5/11/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "you cannot be afraid of justice.". In this emails the Plaintiff says that the school should make amends and that 'because the cops hoaxed me and called me a terrorist you have change my life and created the ultimate hoax. Luckily my powers are used for good." **[exhibit 31]**

55. On 5/19/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "Reparations for the mental anguish you caused me" in which he states Defendant Reesor needs racial bias training and is just a racist from North Dakota. **[exhibit 32]**

56. On 5/19/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "Can you hoax your way to a revolution?". This email contains articles on left wing extremism and insurgency. In this email the Plaintiff states that "We are fighting a non-linear war. The federal government is apart of the hoax. The cops hoaxed the federal government by violating the Clery act" **[exhibit 33]**

57. On 5/19/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "The Leftist deep state is real (The new red scare)" in this email the plaintiff states "The war on terror is a hoax. Laughter is the best way to heal from the trauma and trolling is therapeutic to me" **[exhibit 34]**

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

58. On 5/21/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "Revolutionary Terror(hoax)" this email is a troll email in this email the plaintiff states "Amerikkka will be trolled out of existence. It hoaxed itself with the 'war on terrorism'" **[exhibit 35]**

59. On 5/22/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled " (Spoiler alert) The terrorist win(hoax)". This email is a troll email with articles on left wing extremism. In the email the Plaintiff "1. Get hoaxed by the cops 2. Hoax antifa 3. ??? 4. Profit (4d "terrorism")" **[exhibit 36]**

60. On 5/25/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "I'm ready for this bullshit to be over with". In this email the Plaintiff trolls and goes on a rant the Plaintiff states "Ranting, Trolling and the super hoax(the hoax might be a threat to national security at this point) are very good ways are relieving the trauma Lori caused me and the trauma Lori (Is the type of racist that will take pictures with black people to say they aren't racist) is trying to cause me. I will stop sending the emails once my complaint is resolved. Those are begin manifestations of my "disability". I told the OCR I want the cost of attendance waived or compensation because the school is trying to cause me harm. Most students want their students to succeed but Lori wants to see me fail." **[exhibit 37]**

61. As a result of the Plaintiff engaging in protected speech and activities the Indiana University Police Department opened an unmerited criminal investigation into the Plaintiff's emails.

62. The Plaintiff was investigated through selective law enforcement in violation of the equal protection clauses of the 14th and 5th amendment specifically the Plaintiff alleges that but for his race, Indiana University Officials and law enforcement would have not investigated his

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

emails, which contain political hyperbole and declarations about the status of his mental health as alleged "Threats".

63. The Plaintiff was investigated through selective law enforcement in violation of the 1st amendment the Plaintiff alleges that but for his protected speech and activities , Indiana University Officials and law enforcement would have not investigated his emails, which contain political hyperbole and declarations about the status of his mental health as alleged "Threats".

64. On 5/26/2018 The Plaintiff sends the University's general counsel with the Defendant Bcc'd titled "Welcome to the 21st century. You are outdated". This is a troll email in the email the Plaintiff states "We can just beat y'all on the internet. It's all one big hoax" **[exhibit 38]**

65. On 6/1/2018 the Plaintiff sends Defendant Reesor an email titled "I thought about killing you". In the email the Plaintiff states that the title of the email is a Kanye West song and the email contains a YouTube link to the song. In this email the plaintiff trolls and mocks the IUPD for fabricating threats "Since they like making up terrorist threats they think it's real" and the Plaintiff further states that "both sides will fall for the hoax". As a result of this email Defendant Reesor claims she felt "concerned for the safety herself and her family" despite it being beyond debate that Reesor was not "threatened" by the Plaintiff and that the Defendant knows that the title of the email is a song by a widely known and mainstream rap artist. **[exhibit 39]**

66. On 6/1/2018 the Plaintiff sends Defendant Reesor's attorney titled "The FBI might get involved." This is a troll email from the Plaintiff in the email the Plaintiff states "The cops lied violated federal statues and they are the ones who started the super hoax." The email

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

contains articles about anti police violence riots and the Plaintiff reiterates his accusations against the IUPD of deprivation of rights. **[exhibit 40]**

67. On 6/1/2018 the Plaintiff sends Defendant Reesor's attorney titled "The bloodbath is coming". In this email the Plaintiff rants about being falsely accused of terroristic mischief in the email he states "Freedom of Speech" Is okay unless you are talking about state violence. Don't worry. I am Like Fidel. It's all one big hoax" **[exhibit 41]**

68. On 6/2/2018 Defendant Rebecca A. Schmul called the Plaintiff's grandparents and lied that the Plaintiff was sending emails that are "threating in nature" despite it being beyond debate that Defendant Reesor was not "threatened" by the Plaintiff.

69. The Plaintiff made his intentions clear as a inflammatory radical left wing troll mocking the University's and IUPD's politically motived crimes against the Plaintiff and the language of the emails is political hyperbole and satire [Elonis V. United States]. To state otherwise would be false and contradictory to all available evidence.

70. As a result of the call to the Plaintiff's grandparents the Plaintiff felt like the IUPD was trying to bully and harass his family.

71. The Plaintiff reiterates his intentions in an email titled "The emails are not threats" in the email the Plaintiff states "I am just trolling and frustrated. I am working with the OCR and will resume therapy. I am just frustrated with the process and expressing myself" which was sent to Defendant Reesor's attorney and then forwarded to Defendant Reesor **[exhibit 42].**

72. The Plaintiff follows up by sending another email to the Plaintiff's attorney titled "Mental illness is an issue that needs more attention." The Plaintiff talks about Kanye West's album that was recently released and that the song "I thought about killing you is on". The album talks about Kanye West's struggle with his own mental health. The email contains a review

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

of the album and the song "I thought about killing you". The author of the article writes that in the song "Kanye goes to extremely dark places right off the bat. From beginning to end of the first track off the album, the entertainer raps about thoughts of suicide and murder, which he first publicly spoke about in 2010." **[exhibit 43]**

73. The Plaintiff sends one last email to the Defendant's Reesor's attorney and then forwarded to Defendant Reesor titled "This is the last one email. I play an online persona." In this email he further reiterates his earlier emails. "I am role playing and expressing the views of the most marginalized people in society. Kinda like Stephen Colbert. That's what I mean by trolling." **[exhibit 44]**

74. It is upon information and belief that the defendants entered into an unlawful conspiracy to have the Plaintiff arrested and engineer a malicious prosecution out of retaliation for his protected speech and activities.

75. It is upon information and belief that University Officials used false statements about the emails in order to interfere with a pending U.S Department of Education Office of Civil Rights investigation and pending U.S Department of Education Clery Act investigation.

76. On 6/5/2018 Defendant Schmuhl signed a faulty probable cause affidavit under oath in which the Defendant makes false and misleading statements about emails as "threating" and takes phrases from the emails while ignoring the context and uses them in an misleading fashion in order to mislead a magistrate.

77. Defendant Schmuhl's affidavit amounts to nothing more than a false police report and does not allege specific facts and circumstances from which a jury could reasonably conclude a crime was committed.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

78. Defendant Schmuhl omitted the vast majority of the Plaintiff's emails to from the faulty probable cause affidavit.

79. Despite it being indisputable and beyond debate that Defendant Reesor was not "threated" by the plaintiff and evidence of Defendant Reesor's discriminatory and unconstitutional motives on 6/7/2018 under oath Defendants Bobby Thompson and Defendants Kehr signed a charging document for felony intimidation alleging that the Plaintiff "Threatened to kill" Defender Reesor for denying his petition for reinstatement.

80. It is beyond debate that the allegations are knowingly false by all Defendants.

81. The charging information, together with the probable cause affidavit contain contradictory information and insufficient facts.

82. The statutes cited in the charging information are overbroad criminalizing both protected and unprotected speech.

83. Exhibits 1-44 are protected speech under the 1st Amendment and Federal Statutes and intimidation is a speech crime. Indiana's intimidation statute as applied to exhibits 3-40 is unconstitutional and was used to punish the Plaintiff criminally for constitutional and federally protected speech.

84. The information alleges one count of intimidation "On or about October 26,2017 in Monroe County, State of Indiana, Daven Alexander Patton did communication a threat to commit a forcible felony, to-wit: kill her, to Loraine M. Reesor, with the intent that Loraine M. Reesor be placed in fear of retaliation for a prior lawful act, to-wit: refusing to re-admit the Patton into Indiana University.

85. Based on a faulty probable cause affidavit and false charging document an arrest warrant was issued and a retaliatory and discriminatory prosecution of the Plaintiff was initiated by the Defendants.

86. On 6/13/2018 The Plaintiff turned himself in on the false indictment and plead not guilty to the allegations.

87. The Plaintiff was arrested and prosecuted for intimidation without probable cause.

88. The Plaintiff was targeted for arrest and prosecution through selective law enforcement in violation of the equal protection clauses of the 14th and 5th amendment specifically the Plaintiff alleges that but for his race, Indiana University Officials and law enforcement would have not arrested and prosecuted the Plaintiff , which contain political hyperbole and declarations about the status of his mental health as alleged "Threats".

89. The Plaintiff was targeted for arrest and prosecution through selective law enforcement in violation of the 1st amendment the Plaintiff alleges that but for his protected speech and activities , Indiana University Officials and law enforcement would have not arrested and prosecuted him for his emails, which contain political hyperbole and declarations about the status of his mental health as alleged "Threats".

90. The actions by the University show the extent to which the University will punish and silence the victims of police misconduct. The Plaintiff's suspension, denial of his petition for reinstatement, and false arrest for trolling are all related to his 2016 allegations of an unreasonable search and seizure by the IUPD.

91. The Plaintiff has enjoyed the support of sympathetic local groups throughout his malicious prosecution including the Bloomington Solidarity Network, The Bloomington Democratic

1
2

Socialists of America, The Young Democratic Socialists of America, Btown Antifa, Black

Lives Matter, and various local activists.

3
4
5

92. The Plaintiff wrote about his story with systemic racism and oppression in an article titled

"Who Will Survive in America?" published by the Bloomington Solidarity Project:

6
7

*CW: Racism, Gaslighting, Police Brutality*

8
9
10
11
12
13
14
15

*The following is a testimonial by a former IU student who requested that BSN help share his story. As the reader will learn, Daven Patton has been the recipient of extreme discrimination, intimidation, harassment, and gaslighting. His story helps to demonstrate the lived reality of oppressed people in Bloomington and the U.S. more broadly. Bloomington and Indiana University are not immune to the racism and classism engrained in the very fabric of our society despite what local leaders and revisionist historians might lead us to believe. These issues have always been here and the rapid development and speculation in the housing market has only led to an increased militarized police presence designed to secure the gap between the wealthy and the poor and oppressed. Please read, share, and discuss Daven's story so that we can begin to build a counter-narrative to the rosy picture of the idyllic liberal town that is sold to attract investors while the stories of people's suffering and resistance are lost or forgotten. Please also consider reaching out to BSN to find out how you can help support Daven*

16
17
18
19
20
21

March 3, 2016, my junior year of college at Indiana University, I left a box outside of the Student Center building with a tongue-in-cheek note attached: "Call the bomb squad, because this shit is mind blowing," along with a reference to the Kanye West song "Who Will Survive in America?" scribbled on the outside. My only hope was that someone would curiously open it and be inspired in the same way I was. The box was filled with books. My intent was not a hoax, a replica, or a prank; it was simply a box of books. Little did I know Student Center employees would soon report the box to authorities as a "suspicious package", and later that night, guns drawn and in full tactical gear, my house would be raided by IU Police. By the end of the day, I had been accused of inciting "terroristic mischief" because of a box of library books.

22
23
24
25
26
27
28

I remember clearly the night my room was stormed by IUPD. I had gone to a Lil Wayne concert at assembly hall wearing my brand new "Yeezy 2020" shirt; I had completely forgot about the books. I had no idea that the IUPD had called in the IED disposal unit from the Indiana State Police department for the "suspicious package"; no one at the concert knew, either. The school didn't think the box was a threat and didn't send out a safety alert. I left an old I.D in the box in case someone wanted to return the books to me. On the shuttle ride back home from  Assembly Hall to Linden Hall no one was talking about a "suspicious package" or "terroristic mischief" on campus; they were talking about how good the concert was. The Student Center is right across the street from my apartment, and there was no way to tell that the I.E.D disposal unit was there that night. When I made it back to my apartment, I played Fallout 4 for a couple of hours and then took a shower to get ready to go to bed. While I was still drying off I suddenly heard yelling in my apartment hallway. It

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

was the IUPD. I walked out of my room naked with my hands up to see a squad of all white, aggressive officers pointing rifles at me and screaming. My roommates also had guns pointed at them and were lead out into the hallway at gunpoint by the IUPD. Still naked, I surrendered peacefully. The IUPD double-cuffed me and sat me in my kitchen. They wouldn't even allow me to get dressed.

Handcuffed and nude in my kitchen, I asked them why they were there. They said to search my apartment. I then asked to see the search and arrest warrant. The officers hesitated at first, but then put a copy on the table and I quickly picked it up. Once I saw what was on the search warrant I realized what was going on. I saw that they were looking for my "Yeezy 2020" shirt (I found out later in the police report they described Kanye West, 21-time Grammy winning hip hop artist, as a stereotypical "heavy set black man"), some more clothes, and strangely a "weapon of mass destruction". The officers also took a picture of my "Hands up Don't Shoot" calendar I had got from a protest in Ferguson which they described as "evidence". I also had a newspaper taped to my window which I got from the same Ferguson protest that said "Who Killed Sandra Bland?* This GODDAM System! We Need REVOLUTION—NOTHING LESS" which you could see from the street if you walked past my apartment.

The IUPD used the search warrant as an excuse to rummage through me and my roommate's apartment. The IUPD took miscellaneous items from my room like tape, my balaclava, some bucket hats, and a small, novelty pocket book I got from Urban Outfitters called Insults and Comebacks. I jokingly told them that if they search hard enough they might also find some anthrax. The IUPD also confiscated some prescription Ibuprofen(Tylenol) from one of my roommates(because it was his girlfriend's) and a small amount of marijuana from another roommate of mine. He wasn't home at the time but the IUPD cited him later. Most of the items the IUPD took were not on the search warrant.

One of the officers finally gave me some boxers to put on and one of my shirts and then took me away. An officer put me in one of the squad cars and then went to go talk to another officer. While I was in the car over the police radio I heard a cop say "You get that n***er yet?".

I was already afraid, but when I heard that I began to fear for my life.The arrest already seemed unusual, but now it was obvious it was motivated by racial animus. I know once the police found out I was black from the I.D card I left in the box, they classified the box as a "bomb threat" so that they could arrest me. Unfortunately I wasn't simply arrested, first the cops took me on a joyride.

First I was taken to the IUPD station, then to the hospital, then to jail. At the IUPD station the officers tried to interrogate me without reading my rights or allowing me to have a lawyer present. As soon as they walked me into the interrogation room I saw a camera and made sure that I clearly stated to the camera that my miranda rights weren't read. The officers tried to coerce me into talking to them, but instead I started making fun of them. After a while the cops stopped trying to interrogate me and called me a "danger to myself and others" as an excuse to take me to hospital. Before they took me to the hospital they took me outside in the early spring cold and stood me by the squad car in nothing but my boxers while they wore their warm police jackets.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

When I was at the hospital they handcuffed me to the hospital bed. There were more officers at the hospital than were at my apartment when I was arrested. There I was given a forced blood draw, and later that night they attempted to inject me with an unknown sedative despite hospital staff saying I was being "intentionally difficult" to the officers.  I refused and started yelling my objection to taking the shot. After they saw concerned people starting to leave their hospital rooms to see what was going on they gave up on the shot. They then took me to Monroe County Jail where I has held all weekend.

When I got out on March 6th I had found out that my face was all over the news saying that I was accused of "terroristic mischief" and that the cops had lied about what the box really said. The cops lied to the media to assassinate my character and to cover up their illegal search and seizure of my apartment. I told the school that the IUPD violated my civil rights, that I wanted video tapes from the incident, and asked the University questions like "Why wasn't a campus safety alert sent out if the police claimed there to be a 'bomb threat'?", "If the police 'believed' a weapon of mass destruction was on campus later in the night then why wasn't Linden Hall evacuated? Why wasn't the IED disposal unit from the Indiana State Police on campus at the time when I was arrested if the police claimed there was a "weapon of mass destruction?", and "why wasn't anyone told about the alleged "weapon of mass destruction?". The school responded by detaining me again and again taking me to the hospital for a 72 hour psychiatric hold because the cops said I was a "threat to myself and others", but in reality this was an attempt at gaslighting me. and the school used this as a pretext to retaliate against me by summarily suspending me because of my allegations of police misconduct.

I spent the next year fighting the malicious charges of "terroristic mischief" and another retaliatory charge of "intimidation" because I called the Monroe County Courthouse asking for video tapes and accusing the IUPD of violating my 4th amendment rights. All of the charges were meritless and were eventually dropped. I also spent time recovering from the trauma the IUPD caused me, studying political theory, economics, and philosophy, and in November of 2017 I decided to fight back against the school and file a Clery Act Complaint with the Department of Education. The Clery Act is a federal statute enforced by the D.O.E's Financial Student Aid Office that deals with sexual assault and campus security.  I am alleging multiple violations of the Clery Act. One for not sending out a safety alert for what the IUPD claimed was a "bomb threat," and another for the IUPD lying about "Weapons of Mass Destruction" to obtain a search warrant and not following protocol. The D.O.E followed up with me in January of 2018 to let me know my complaint was filed and I have been working with the D.O.E ever since. My complaint serves two purposes:

1). Improve Campus Safety

2). Substantiate my allegations of Police Misconduct(Perjury)

In March of 2018 the school retaliated against me as a "whistleblower" under the Clery Act by denying my petition for reinstatement and used the PTSD the University Police caused me as an excuse despite my evidence of police misconduct, me providing a letter from my therapist saying I have recovered from the trauma without them asking, and me improving campus safety by filing a Clery Complaint. I again felt like the University was trying to gaslight me. Because the University used a discriminatory reason to deny my petition for

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

readmission the D.O.E Office of Civil Rights opened an investigation into unlawful discrimination. Little did I know that the University police also started targeting me again around this time because of my accusations of police misconduct and me filing complaints against the school with the D.O.E.

Then in June of 2018 the University again retaliated against me for standing up for my civil rights by again falsely arresting me on bogus and meritless charges of "intimidation". The University used numerous emails I had sent them about the D.O.E, and various related topics in my reinstatement letter such as the war on terrorism, censorship, state violence, police misconduct, anti-fascism, white supremacy, mental health, black power, and revolutionary socialism as a politically motivated excuse to arrest me for bringing them under investigation. In the e-mails that IU cited, I make it clear I was intentionally sending them inflammatory, radical left wing topics and articles to mock their politically motivated crimes against me. The same e-mails that University officials call "threats" contradict them and prove that there is no wrongdoing on my part.

As a result of these numerous e-mails the University used one e-mai in particular containing a song from Kanye West's new album as the pretext to arrest me the second time. The song is the first song on Kanye's new album "I Thought about Killing You". The song title is the title of the email and with an explicit link to the song in the title. The intent was to make fun of the IUPD for making up "threats", which the University in turn ironically did. You did not even need to open up the email to see that the title of the email is a song as gmail (University email accounts are powered by google) allows you to see the first part of the email without opening it. The cover art on Kanye's new album says "I hate being bipolar and its awesome" which I thought was a perfect coincidence, because I am a Kanye West fan, he is open about his "disability", and the University is currently under investigation for disability discrimination. The e-mails debunk the University's motivations as further politically motivated harassment and intimidation and prove my innocence. The University is trying to keep the "terroristic mischief" incident secret and censor me so I have decided to make the emails public. I will not back down to political suppression and repression by the school and am well within my constitutional and federally protected rights. I am also a strong believer of openness and transparency. My arrest was retaliatory and I can prove there is direct causation between my D.O.E complaints, my allegations of police misconduct, and my online activism.

You can find the link to the emails here:

https://drive.google.com/open?id=1ruXAD_jvD2Pi-ZcAuAdydtFqRVjcQxmS

The IUPD tried labeling me a "terrorist" as an excuse to try stripping me of my civil rights and the University's actions have been unconstitutional starting with police officers committing perjury to accuse me of "terroristic mischief" and then violating my 1st amendment rights for trolling them about the D.O.E investigation. Standing up for your civil rights is not a crime and I will not be silenced by the University. Civil rights activist Julian Bond once said "an American can be black and an American can dissent, but no American had better compound these two crimes" and I unapologetically dissent to the American system built on inequality and systemic racism and am unapologetically black. If the University did not want me to file a Clery Complaint against them then they shouldn't have

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

classified a box of books as "suspicious package" and as a "bomb threat"; they shouldn't have lied about a "weapon of mass destruction" in Union Street, and if the University didn't want to be investigated for unlawful discrimination then the University shouldn't have violated my civil rights. Indiana University is a public college and has no right to attempt to censor criticism and radical viewpoints. IU is mandated by the federal government to obey federal statutes and antidiscrimination laws like every other institution that accepts federal financial aid funding. The college on one hand pays lip service to "inclusion", "tolerance", and "diversity" and on the other engages in extreme discrimination and retaliates against victims of police misconduct. The corruption of the University's administration runs deep and the University's "progressivism" is nothing more but white supremacy with a smile.  IU's racism is institutional and systemic. From the covert racism of officials in the administration using discriminatory seemingly neutral policy, practices, and procedures that have a disproportionate adverse effect on members of a protected classes to the overt racism of the overly militaristic state violence of the IUPD. I will not let the University and University officials intimidate me and stop me from exercising my constitutional and federally protected rights and I cannot, as a man of good conscience, be afraid to speak up or back down from the oppression and malice displayed by the University and the IUPD.

*"If, in the present chaotic and shameful struggle for existence, when organized society offers a premium on greed, cruelty, and deceit, men can be found who stand aloof and almost alone in their determination to work for good" - Lucy Parsons*

I am asking other people of moral and good conscience aid me and show solidarity with me in not only my personal struggle but also the collective struggle against classism,racism, and all other forms of discrimination."

## Claim I

## U.S Code 1983

## 1st Amendment Retaliatory Arrest

93. Plaintiff incorporates by references the facts alleged in paragraphs 13-92.

94. In exhibits 1-44 the Plaintiff criticizes the University and IUPD, alleges violations of the

   Clery act, notifies the University of the Plaintiff's whistleblower status under the Clery Act,

   alleges that the decision to arrest and prosecute the defendant was based on race, makes

   allegations of police misconduct(perjury) ,alleges his suspension was out of retaliation, and

   alleges that the denial of the Plaintiff's petition for reinstatement was discriminatory and out

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

of retaliation, talks about his discrimination complaint against Defendant Reesor, and engages in political speech.

95. The Plaintiff in Exhibits 1-44 is engaging protected speech under 1st amendment.

96. The Plaintiff petitioning the Federal Government for a redress of grievance in the form of filing a Clery Act complaint and filing a discrimination complaint with the U.S Department of Education is a protected activity under the 1st amendment.

97. The 1st Amendment right to engage in protected speech and petition the government for a redress of grievance without fear of arrest is a clearly established by the constitution of the United States of which a reasonable person would have known.

98. The Plaintiff's arrest for intimidation by Indiana University was motivated, but for the Plaintiff's protected speech.

99. The statutes cited in the charging information are overbroad criminalizing both protected and unprotected speech.

100.    Exhibits 1-44 are protected speech under the 1st Amendment and Federal Statutes and intimidation is a speech crime. Indiana's intimidation statute a applied to exhibits 3-46 is unconstitutional and was used to punish the Plaintiff criminally for constitutional and federally protected speech.

101.    The arrest of the Plaintiff caused an injury that would likely chill a person of reasonable firmness from continuing to engage in protected speech and activities.

102.    It is upon information and belief that Defendant Schuml acting within the scope of the Defendant's role of Detective acted maliciously or with reckless disregard for the Plaintiff's 1st Amendment Rights by having the Plaintiff arrested out of retaliation of engaging in protected speech and activities.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

103.    It is upon information and belief that Defendant Reesor acted maliciously or with reckless disregard for the Plaintiff's 1st Amendment Rights by conspiring to have the Plaintiff arrested out of retaliation of engaging in protected speech and activities.

104.    It is upon information and belief that Defendant Kehr acted maliciously or with reckless disregard for the Plaintiff's 1st Amendment Rights by conspiring to have the Plaintiff arrested out of retaliation of engaging in protected speech and activities.

105.    It is upon information and belief that Defendant Thompson acted maliciously or with reckless disregard for the Plaintiff's 1st Amendment Rights by conspiring to have the Plaintiff arrested out of retaliation of engaging in protected speech and activities.

106.    It is upon information and belief that the Plaintiff was arrested as a part of a pattern of retaliation by the University. In exhibits 1-44 the Plaintiff alleges that his suspension and denial of his petition for reinstatement were acts of retaliation by the University. The Plaintiff's arrest for exhibits 1-44 is subsequently a part of an "Official Policy" of retaliation against the Plaintiff. The Plaintiff alleges no probable cause but even if probable cause is found the Plaintiff's arrest falls under the special class of retaliatory arrest cases that the U.S Supreme Court ruled can proceed under [Lozman v. City of Rivera Beach]

107.    It is upon information and belief that otherwise similarly situated individuals were not arrested.  [Nieves. V Bartlett] **[exhibit 45]**

### Claim II

### U.S Code 1983

### 1st Amendment Retaliatory Prosecution

108.    Plaintiff incorporates by references the facts alleged in paragraphs 13-92.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

109.    In exhibits 1-44 the Plaintiff criticizes the University and IUPD, alleges violations of the

Clery act, notifies the University of the Plaintiff's whistleblower status under the Clery Act,

alleges that the decision to arrest and prosecute the defendant was based on race, makes

allegations of police misconduct(perjury) ,alleges his suspension was out of retaliation, and

alleges that the denial of the Plaintiff's petition for reinstatement was discriminatory and out

of retaliation, talks about his discrimination complaint against Defendant Reesor, and

engages in political speech.

110.    The Plaintiff in Exhibits 1-44 is engaging protected speech under 1st amendment.

111.    The Plaintiff petitioning the Federal Government for a redress of grievance in the form of

filing a Clery Act complaint and filing a discrimination complaint with the U.S Department

of Education is a protected activity under the 1st amendment.

112.    The 1st Amendment right to engage in protected speech and petition the government for a

redress of grievance without fear of a meritless prosecution is a clearly established by the

constitution of the United States of which a reasonable person would have known.

113.    the Plaintiff's prosecution for intimidation by Monroe County was motivated, at least in

part by the Plaintiff engaging in protected speech and activities.

114.    The statutes cited in the charging information are overbroad criminalizing both protected

and unprotected speech.

115.    Exhibits 1-44 are protected speech under the 1st Amendment and Federal Statutes and

intimidation is a speech crime. Indiana's intimidation statute a applied to exhibits 3-40 is

unconstitutional and was used to punish the Plaintiff criminally for constitutional and

federally protected speech and complaints against the University.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

116.    The prosecution of the Plaintiff caused an injury that would likely chill a person of reasonable firmness from continuing to engage in protected speech and activities.

117.    It is upon information and belief that Defendant Kehr acting within the scope of the Defendant's role of Deputy Prosecutor acted maliciously or with reckless disregard for the Plaintiff's 1st Amendment Rights by conspiring to prosecute the Plaintiff on meritless allegations out of retaliation of engaging in protected speech and activities.

118.    It is upon information and belief that Defendant Schuml acting within the scope of the Defendant's role of Officer acted maliciously or with reckless disregard for the Plaintiff's 1st Amendment Rights by conspiring to prosecute on meritless allegations the Plaintiff out of retaliation of engaging in protected speech and activities.

119.    It is upon information and belief that Defendant Reesor acting within the scope of the Defendant's role of Vice provost acted maliciously or with reckless disregard for the Plaintiff's 1st Amendment Rights by conspiring to prosecute on meritless allegations out of Plaintiff out of retaliation of engaging in protected speech and activities.

120.    It is upon information and belief that Defendant Thompson on acting within the scope of the Defendant's role of Officer acted maliciously or with reckless disregard for the Plaintiff's 1st Amendment Rights by conspiring to prosecute on meritless allegations out of retaliation of engaging in protected speech and activities.

121.    It is upon information and belief that the Plaintiff was prosecuted as a part of a pattern of retaliation by the University and that the Plaintiff's prosecution is apart of an "Official policy" of retaliation against the Plaintiff. In exhibits 1-44 the Plaintiff alleges that his suspension and denial of his petition for reinstatement were acts of retaliation by the University. Subsequently the Plaintiff's prosecution for exhibits 1-44 is a part of an "Official

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

Policy" of retaliation against the Plaintiff. The Plaintiff alleges no probable cause but even if probable cause is found the Plaintiff's prosecution falls under the special class of retaliatory cases that the U.S Supreme Court ruled can proceed under [Lozman V City of Rivera Beech].

122.    It is upon information and belief that otherwise similarly situated individuals were not prosecuted [Nieves. V Bartlett] **[exhibit 45]**

**Claim III**

**U.S Code 1983**

**4th Amendment**

**False Arrest**

123.    Plaintiff incorporates by references the facts alleged in paragraphs 13-92.

124.    In this case, the information fails to state the charged offense with sufficient certainty, because the information and the probable cause affidavit contain contradictory information. The information alleges one count of intimidation "On or about October 26,2017 in Monroe County, State of Indiana, Daven Alexander Patton did communication a threat to commit a forcible felony, to-wit: kill her, to Loraine M. Reesor, with the intent that Loraine M. Reesor be placed in fear of retaliation for a prior lawful act, to-wit: refusing to re-admit the Patton into Indiana University.

125.    The Probable cause Affidavit alleges communication between the Plaintiff and Defendant Reesor on March 12, 2018 **[exhibit 6]**, March 26, 2018 **[exhibit 10]**, May 25, 2018 **[exhibit 37]** and June 1, 2018 **[exhibit 39]**. The affidavit summarizes several months of email correspondence between the Plaintiff and various collegiate officials, some affiliated with the University and some not. Allegedly their correspondence concerned his request for reinstatement at IU and the injustices that he has experienced due to racism and stigma

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

against persons with mental illness. Specifically, the only alleged communications between the Plaintiff and Reesor are:

126.    "On or about the 12th day of March 2018 Mr. Patton sent an email to the IU dean of students, Dr. Lori Reesor requesting his reinstatement as an IU student. Mr. Patton carbon copied Ricardo Brown, James Moores, The Office of Civil Rights (OCR), The Dept. of Education Clery complaints, himself, and Dr. Reesor , on the email"

127.    "On or about the 26th day of March, 2018 Dr. Reesor responded to Mr. Patton that his reinstatement had been denied. Later that day Mr. Patton replied that Dr. Reesor's decision was "discriminatory" and he claimed that he was forwarding the email to the and the Office Financial Student Aid""

128.    "On or about the 25th day of May, Mr. Patton sent an email to Aimee Oestreich and carbon copied Dr. Reesor. The email listed a subjected "I'm ready for this bullshit to be over with.' In the email, Patton refers to Dr. Reesor as "The type of racist that will take pictures with black people to say they aren't racists.' This is a reference to a photo Dr. Reesor posted on her Twitter page herself with a student who won an award. Patton later commented on the denial of his reinstatement request stating, 'She tried to screw me over but I predicted that. Fuck her too. She will regret that decision in the future.' After receiving that email, Dr. Reesor said for the first time she felt targeted by Mr. Patton"

129.    "On or about the 1st day June 2018, Mr. Patton sent an email to Dr. Reesor with the subject "I thought about killing you." Dr. Reesor said when she read that she became concerned for her safety and her family's safety. In the email, Mr. Patton states the subject line is the title of a Kanye West song and he provides a link to a Youtube video of the song".

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

130.     The overwhelming majority of the Plaintiff's emails to Reesor were omitted from the Probable cause affidavit.

131.     The probable cause affidavit, sworn by Plaintiff Schmuhl under the penalties of perjury to be true and accurate, contains no information about communication between Defendant Reesor and the Plaintiff on October 16, 2017, and no information about communication between any IU official and the Plaintiff in more than four months from October 27, 2017 to March 11, 2018. If the facts in the information are taken as true then the probable cause affidavit is missing facts about communication between the Plaintiff and Defendant Reesor in October 2017 or the sworn statements in the probable cause affidavit contain incorrect information about whom Mr. Patton allegedly communicated with in October 2017 and the contents of the communications. The facts alleged against the Plaintiff are unclear and leave a jury to guess essential facts of the offense namely: when the alleged intimidation happened, what communication the state is alleging constituted intimidation, and who was involved.

132.     The elements for intimidation do not exist in this case. Indiana's intimidation statute states:

" (a)  A person who communicates a threat to another person, with the intent:

(1)  that the other person engage in conduct against the other person's will;

(2)  that the other person be placed in fear of retaliation for a prior lawful act;"

133.     The element for intent is missing and contradicted by all evidence. In exhibits 1-44 Plaintiff makes his intentions clear as a radical left-wing troll mocking the IUPD's politically motivated crimes against him. The language of the emails are political satire and hyperbole and is beyond debate not a "true threat". The plaintiff in the emails ironically mocks the IUPD for fabricating threats.  To say the Plaintiff's intentions were to "threaten" Defendant

Reesor is contradictory to the evidence, knowingly false and unreasonable. Defendant Reesor and the IUPD are the "boys who cried wolf" and the Plaintiff's intentions are clear.

134.    The second element of for "A prior lawful act" is also missing. In exhibits 1-44 the Plaintiff alleges that the denial of his petition is unconstitutional and is a part of a pattern of unlawful discrimination and retaliation. Defendant Reesor was also a subject of a discrimination investigation by the U.S department of Education Office of Civil Rights for the refusal to readmit the Plaintiff at the time of his arrest. An unconstitutional act and act that violates anti-discrimination law is not a "prior lawful act".  All defendants known or should have known of the possibility that the refusal to readmit the Plaintiff was unlawful.

135.    Defendant Reesor clearly has retaliatory and discriminatory motivations and is an impeachable witness. Defendant Reesor was under a discrimination investigation and in exhibits 1-44 the Plaintiff alleges that the refusal to readmit him was discriminatory and retaliatory.

136.    Exhibits 1-44 are protected speech under the 1st Amendment and Federal Statutes and intimidation is a speech crime. Indiana's intimidation statute as applied to exhibits 1-44 is unconstitutional and was used to punish the Plaintiff criminally for constitutional and federally protected speech.

137.    For the above reasons, the charging information, together with the probable cause affidavit, and omitted information, evidence, facts, and the totality of circumstances is legally insufficient to establish probable cause for the Plaintiff's arrest of intimidation.

138.    The 4th Amendment right to be free from unreasonable arrests is a clearly established by the constitution of the United States of which a reasonable person would have known.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

139. It is upon information and belief that Defendant Kehr acted maliciously or with reckless disregard for the Plaintiff's 4th Amendment Rights by conspiring to arrest the Plaintiff without probable cause.

140. It is upon information and belief that Defendant Schuml acting within the scope of the Defendant's role of Officer acted maliciously or with reckless disregard for the Plaintiff's 4th Amendment Rights by conspiring to the Plaintiff without probable cause.

141. It is upon information and belief that Defendant Reesor acting within the scope of the Defendant's role of Vice provost acted maliciously or with reckless disregard for the Plaintiff's 4th Amendment Rights by conspiring to arrest the Plaintiff without probable cause.

142. It is upon information and belief that Defendant Thompson on acting within the scope of the Defendant's role of Officer acted maliciously or with reckless disregard for the Plaintiff's 4th Amendment Rights by conspiring to arrest the Plaintiff without probable caus

### Claims IIII & IV

### U.S Code 1983

### Perjury & Subordination of Perjury

143. Plaintiff incorporates by references the facts alleged in paragraphs 13-92.

144. Defendant Schuml signed under oath a faulty and misleading probable cause affidavit under penalty of perjury.

145. Defendant Schuml made false statements (the emails are threatening in nature and using the statements in the emails out of context) and omitted information in her probable cause affidavit (not including the vast majority of the emails in the probable cause affidavit.)

146. Defendant Schuml intentionally made false statements and omitted exculpatory evidence in probable cause affidavit.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

147.    The Defendant Schuml known or should have known that her statements in the probable

cause affidavit are false and that she misquotes statements from the emails to mislead a

magistrate.

148.    The subject matter of the false statements and missing evidence was material to a finding

of probable cause for intimidation.

149.    Defendants Thompson and Kehr signed a charging document for felony intimidation

under penalty of perjury.

150.    Defendants Thompson and Kehr intentionally signed a charging document where the

allegations are knowingly false to the Defendants at the time of its signing.

151.    Defendants Thompson and Kehr knew or should have known that the allegations in the

charging document are false and the criminal information contradicts all available evidence.

152.    The false charging document and faulty probable cause affidavit were material in a

magistrate finding probable cause for the crime of intimidation.

153.    It is upon information and belief that unknown Indiana University Police Department and

The Monroe County's Prosecutor's office personnel made false statements and omitted

evidence under oath at an ex parte probable cause hearing. If the Plaintiff were present the

false statements would have been rebutted and the missing evidence proffered.

154.    It upon information and belief and Defendants Reesor, Schuml, Defendant Kehr, and

Defendant Thompson entered into a conspiracy to subordinate perjury as a part of a plan to

engineer a false arrest and malicious prosecution out of retaliation.

155.    It is upon information and belief that Defendant Reesor and University Officials gave the

Department of Education false information about the nature and contents of the emails to

disrupt or influence a federal administrative proceeding.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

**Claim V**

**U.S Code section 1983**

**Abuse of legal process**

156.    Plaintiff incorporates by references the facts alleged in paragraphs 13-92.

157.    The unmerited arrest and prosecution of the Plaintiff on the false allegations of felony

intimidation by the complaining witnesses of the charging document Defendants Reesor and

Schuml and Defendant's Kehr and Thompson who signed the false charging document under

oath was initiated in bad faith in order to use the criminal justice system to retaliate against

the Plaintiff for his allegations against the University, IUPD, and discrimination complaint

against Defendant Reesor. The allegations against the Plaintiff were knowingly false before

the prosecution was initiated and despite knowing that the allegations are false the defendants

did nothing to withdraw the false indictment. The Plantiff's arrest and prosecution for

exhibits 3-46 are unmerited and it beyond debate that exhibits 1-45 are protected speech.

**Claim VI**

**U.S Code Section 1983**

**Conspiracy to injure using unlawful means**

158.    Plaintiff incorporates by references the facts alleged in paragraphs 13-92.

159.    The Defendants entered a unlawful conspiracy to injure the Plaintiff by conspiring to

commit perjury in order to initiated an unmerited criminal proceeding.

160.    The goal of the Defendant's actions were to cause irreparable harm and traumatize

Plaintiff.

161.    The Plaintiff suffered economical and emotional damages because of the Plaintiff's false

arrest and malicious prosecution.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

162.     In exhibits 1-44 the Plaintiff talks about how his experience with the criminal justice

system has negatively affected him economically and emotionally. He talks about how even

though he was innocent of the crime of "terroristic mischief" he was treated as guilty because

of the damage to his reputation and the barrier pending charges create when trying to find a

job. The Plaintiff also talks about how he has taken therapy for the Plaintiff's 2016 false

arrest and provided a letter from a therapist. Defendant Reesor added a return condition to the

University in the form of continued therapy for his false arrest but took actions that she

knows would be harmful to the Plaintiff's mental health by against having him falsely

arrested and maliciously prosecuted for asserting his civil rights. The Defendants actions

were designed to "retraumatize" the Plaintiff and the only reason the Plaintiff would need

therapy despite his recovery from the Plaintiff's 2016 false arrest would be because of the

Defendants actions. The actions of the University amount to long term emotional abuse and

the plaintiff has suffered extreme emotional distress and irreparable harm because of the

University's outrageous conduct.

### Claim VII

### Civil Rights Act Title VI

163.     Plaintiff incorporates by references the facts alleged in paragraphs 13-92.

164.     In exhibits 1-44 the Plaintiff criticizes the University and IUPD, alleges violations of the

Clery act, notifies the University of the Plaintiff's whistleblower status under the Clery Act,

alleges that the decision to arrest and prosecute the defendant was based on race, makes

allegations of police misconduct(perjury) ,alleges his suspension was out of retaliation, and

alleges that the denial of the Plaintiff's petition for reinstatement was discriminatory and out

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

of retaliation, talks about his discrimination complaint against Defendant Reesor, and engages in political speech.

165.    The Plaintiff is engaging in a federally protected activity by alleging and opposing racial discrimination by the University and IUPD.

166.    The Defendant Reesor took adverse action against the Plaintiff by having him falsely arrested and maliciously prosecuted.

167.    There is a casual connection between the Plaintiff opposing and alleging racially discriminatory practices by Indiana University and the IUPD and the adverse action of falsely arrest and maliciously prosecuted.

## Claims IX & X

### Title II Americans with Disabilities Act & Section 504 of the Rehabilitation act

168.    Plaintiff incorporates by references the facts alleged in paragraphs 13-92

169.    In exhibits 1-44 the Plaintiff criticizes the University and IUPD, alleges violations of the Clery act, notifies the University of the Plaintiff's whistleblower status under the Clery Act, alleges that the decision to arrest and prosecute the defendant was based on race, makes allegations of police misconduct(perjury) ,alleges his suspension was out of retaliation, and alleges that the denial of the Plaintiff's petition for reinstatement was discriminatory and out of retaliation, talks about his discrimination complaint against Defendant Reesor, and engages in political speech.

170.    The Plaintiff is engaging in a federally protected activity by alleging that he was discriminated against by the University based on mental health and participating in a disability discrimination probe.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

171.     The University took adverse action against the Plaintiff by having the Plaintiff falsely arrested and maliciously prosecuted.

172.     There is a casual connection between the Plaintiff opposing and alleging racially discriminatory practices by Indiana University and the IUPD and the adverse action of refusing to readmit the plaintiff.

## Relief

173.     The plaintiff is entitled to relief under the constitution of the United States, Title VI of the Civil Rights act of 1964, Title II of the American's with Disabilities Act and Section 504 of the Rehabilitation Act.

174.     The plaintiff asks for relief in compensatory and punitive damages in the amount of $85,000,000 from Defendants Indiana University, The Indiana University Police Department, Monroe County Prosecutor's Office, Defendant Reesor, Defendant Schuml, Defendant Thompson, Defendant Flynt, Defendant Kehr for the mental anguish, loss of education, loss of earning capacity, humiliation, pain and suffering, damage to reputation and emotional distress caused by the Plaintiff's false arrest and malicious prosecution.

175.     Relief in the form of an expungement of the Plaintiff's student disciplinary and waiver for the Plaintiffs continued education at the University, a revision to the University's summary suspension policy to include a direct threat policy in line with Title II of The American's with Disabilities Act and Section 504 of the Rehabilitation Act, racial bias training for University Employees, a public apology from the University for the Plaintiff's 2016 false arrest, the denial of his petition, and 2018 false arrest; A donation in the name of the Indiana University Police Department to Black Lives Matter in the amount of $100,000

and that this cause of action is the reason for the donation, A donation from each individual Defendant of $1,000 to Black Lives Matter and that this cause of donation is the reason for the donation, A donation in the name of Indiana University to University's National Pan Hellenic Counsel in the amount of $100,000 and that this cause of action is the reason for the donation, The creation of a scholarship fund aimed to serve victims of racism and discrimination, the formation of a commission between minority student groups and University officials with the goal of enacting university policies to make the University more inclusive for students of color,  increased efforts to attract students of color and retain them, an increase in the number of free CAP sessions for students per semester, A divestment of racist institutions such as private prisons by the University, a renaming of the racist monuments on campus such as Jordan Hall which is named after a eugenicist who supported forced sterilization of African Americans, That the Ku Klux Klan mural covered up in Woodburn Room 100 be replaced with a mural of Colin Kaepernick kneeling on the neck of a Klansmen with Martin Luther King Jr and Malcolm X smiling in the background,  A ban of far right and racist speakers on campus, the resignations of Defendant Reesor, Defendant Schuml, Defendant Thompson, Defendant Flint, Defendant Kehr; criminal charges against the defendants responsible for filing the false police against the Plaintiff, disciplinary actions by the IUPD against the officers involved in the Plaintiff's false arrest and malicious prosecution, that The Monroe County Prosecutor's office put Officer Schuml and Officer Thompson on the brady list for the Brady act violations of spoliation of evidence and perjury, an investigation the University into the IUPD's racially discriminatory practices as shown by exhibit 41, and other relief as deemed just by the court.

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL

1

2

3

4

5

*Daven Patton*

_____

6                                    Daven Alexander Patton

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVEN PATTON VS INDIANA UNIVERSITY BOARD OF TRUSTEES ET AL